| | |
|---|---|
| 1 | LUCAS VALLEY LAW |
|   | MARK K. de LANGIS (SBN 190083) |
| 2 | mdelangis@lucasvalleylaw.com |
|   | 2110 Elderberry Lane |
| 3 | San Rafael, California 94903 |
|   | Telephone: (415) 472-3892 |
| 4 | Facsimile: (415) 472-3977 |
| 5 | Attorney for Plaintiffs |
|   | APL CO. Pte., LTD. and |
| 6 | AMERICAN PRESIDENT LINES, LTD. |

FILED 2010 OCT -1 PM 1:05

8        UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA

11   APL CO. Pte., LTD., a corporation, and   No. CV10-7346 JHN (FMOx)
     AMERICAN PRESIDENT LINES, LTD.,
12   a corporation,
                                              COMPLAINT FOR
13
                   Plaintiffs,                1. BREACH OF MARITIME
14         v.                                    CONTRACT;
                                              2. OPEN ACCOUNT;
15   NOBLE RECYCLING INC., a                  3. COMMON COUNT FOR
     corporation,                                SERVICES PERFORMED
16
                   Defendant.
17

   Plaintiffs APL Co. Pte., Ltd. and America President Lines, Ltd. (collectively "APL") complain against defendant Noble Recycling Inc. and allege as follows:

### JURISDICTION AND VENUE

1. The following claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty jurisdiction of this Court under 28 U.S.C. section 1333.

2. Venue is proper in the Central District of California because

COMPLAINT

defendant's cargo was to be loaded at the Port of San Pedro, located within this district.

## **PARTIES**

3. Plaintiff APL Co. Pte., Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of Singapore, registered to do business in the State of California.

4. Plaintiff American President Lines, Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, registered to do business in the State of California.

5. APL is informed and believes, and on that basis alleges that defendant Noble Recycling Inc. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Florida.

## **GENERAL ALLEGATIONS**

6. At all relevant times, APL was and still is an ocean carrier of goods for hire, *inter alia*, between U.S. and foreign ports.

7. On or about October 31, 2005, APL and Noble Recycling Inc. ("Noble") entered into a written service contract, number WB05/0311.

8. Pursuant to service contract number WB05/0311, APL agreed to transport and convey cargo from the United States to China and Hong Kong on behalf of, and at the request of, Noble.

9. As part of the service contract entered into between Noble and APL for the transportation and carriage of its cargo, Noble expressly agreed to tender the cargo in a quantity sufficient to satisfy a Minimum Volume Commitment ("MVC") as outlined in the service contract between the parties.  Specifically, the service contract stated:

> 3. MINIMUM VOLUME COMMITMENT; DEAD FREIGHT; BOOKING
>
> (a) Merchant shall tender not less than the MVC, including specific sub-MVCs, if any, as set forth in an

>Appendix, during the term hereof.  Shipments shall be deemed within the scope of this Contract and shall be counted toward the MVC if made by Merchant's parent, subsidiary, or other affiliated companies or entities under common control, or by an authorized agent in behalf of any such entity, all of which entities must be identified on the signature page or Appendix hereto.  Merchant shall remain responsible to Carrier for all obligations of non Merchant parties shipping cargo under this Contract.

10. The MVC, set forth at Appendix B, expressly obligated Noble to tender a minimum quantity of carriage of 25 freight equivalent units ("FEU") before the contract's expiration date of October 12, 2006.

11. The service contract between APL and Noble contained a liquidated damages provision which provided protection to APL in the event that Noble failed to meet the MVC, as it had promised (known in the trade as dead freight).  The liquidated damages provision provided that:

>3. MINIMUM VOLUME COMMITMENT; DEAD FREIGHT; BOOKING
>
>. . . .
>
>(b)  If Merchant fails to tender shipments in sufficient quantity to meet Merchant's undertakings as set forth in the foregoing subparagraph 3(a), Merchant shall, within 30 calendar days of receipt of Carrier's invoice, pay deadfreight in the amount of $350 for each FEU by which the MVC (or sub-MVCs, as the case might be) exceeds the volume actually tendered.

12. After the contract expired on October 12, 2006, APL reconciled the contract to determine whether Noble had fulfilled its MVC and shipped the number of FEUs as promised.

13. APL determined that during the contract's term, Noble failed to tender any cargo to APL for transport and carriage.  As stated above, Noble had promised to ship 25 FEUs under the contract, and thus came up 25 FEUs short.  Accordingly, under the terms of the contract, Noble became obligated to pay APL a liquidated damages charge ("dead freight") of $8,750.  ($350 for each FEU short

1  of the MVC [$350 x 25 = $8,750]).

2  14.   On or around January 12, 2007, APL issued an invoice for $8,750 and presented it to Noble, reflecting the dead freight charges as described above. According to the service contract's terms, Noble had 30 days (until February 12, 2007) in which to pay the $8,750 invoice.

15.   Noble failed to pay the invoice within 30 days.  And, despite further demands by APL, Noble has failed to pay the dead freight owed to APL in connection with the above-described service contract and there is due and owing to APL, from Noble, the amount of $8,750 in dead freight charges, in connection with Service Contract No. WB05/0311.

16.   Noble is indebted to APL for dead freight associated with the service contract in the amount of $8,750, excluding interest and attorneys' fees.

## FIRST CAUSE OF ACTION
### (Breach of Maritime Contract)

17.   APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 16, inclusive, hereinabove.

18.   Pursuant to the terms of the service contract entered into between the parties, Noble expressly agreed that if it failed to tender the respective MVC, it would pay the dead freight charges due and owing under the above-described service contract.

19.   APL has performed or tendered performance of all of its obligations under the service contract.

20.   Noble materially breached the terms of the service contract entered into between the parties by failing to tender the appropriate amount of FEUs under the MVC, and by failing pay the dead freight charges within 30 days of receiving APL's invoice, as promised.

21. As a direct and proximate cause of Noble's breach of the service contract by failing to tender the appropriate amount of FEUs under its MVC, and by failing to pay the dead freight charges, associated with the service contract, APL has suffered damages in the amount of $8,750 (excluding interest and attorneys' fees).

## SECOND CAUSE OF ACTION
### (Open Account)

22. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 21, inclusive, hereinabove.

23. Noble owes APL the sum of $8,750 that is due with interest since February 2007, in accordance with the terms of the service contract more fully described above.

24. APL has made demand for payment upon Noble and Noble has acknowledged receipt of said demand.

25. Noble has refused to pay and continues to refuse to pay the outstanding sum due and owing.

## THIRD CAUSE OF ACTION
### (Common Count - Services Performed)

26. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 25 inclusive, hereinabove.

27. Noble is indebted to APL for the amount of $8,750, for the services APL performed at Noble's request.

28. Noble has failed to pay anything towards the dead freight charge of $8,750; therefore, APL is entitled to recover $8,750, excluding interest, for

1 | services performed.
2 |
3 | **PRAYER FOR RELIEF**
4 | WHEREFORE, Plaintiff APL Co. Pte., Ltd. prays as follows:
5 | 1. The Court enter judgment in APL's favor for $8,750, the full amount of APL's claim;
7 | 2. The Court award APL prejudgment interest on all sums as provided by law;
9 | 3. The Court award APL its costs of suit;
10 | 4. The Court award APL its attorneys' fees as per the terms of the service contract;
12 | 5. The Court award APL such other and further relief as the Court may deem proper.

DATED: September 29, 2010

LUCAS VALLEY LAW

By: _____
Mark K. de Langis
Attorneys for Plaintiff
APL CO. Pte., LTD. and
AMERICAN PRESIDENT LINES, LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV10- 7346 JHN (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)           NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Mark K. de Langis (SBN 190083)
LUCAS VALLEY LAW
2110 Elderberry Lane
San Rafael, CA 94903
(415) 472-3892
mdelangis@lucasvalleylaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APL CO. Pte., LTD., a corporation, and AMERICAN PRESIDENT LINES, LTD., a corporation. <br> PLAINTIFF(S) <br> v. <br> NOBLE RECYCLING INC., a corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV10-7346 JHN (FMOx) <br><br><br> SUMMONS |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Mark K. de Langis _____, whose address is:

Lucas Valley Law
2110 Elderberry Lane
San Rafael, CA  94903

an answer to the  ☒ complaint  ☐ _____ amended complaint  ☐ counterclaim  ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: __OCT - 1 2010__          By: __SHEA BOURGEOIS__
                                       Deputy Clerk
                                       (Seal of the Court)

CV-01A (01/01)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
APL Co. Pte., Ltd. a corporation, and American President Lines, Ltd., a corporation

**DEFENDANTS**
NOBLE RECYCLING INC., a corporation;

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Singapore

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Florida

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark K. de Langis (SBN 190083)
mdelangis@lucasvalleylaw.com
Lucas Valley Law    (415) 472-3892
2110 Elderberry Lane, San Rafael, CA 94903

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ 8,750.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of maritime contract. Admiralty and maritime claims within the meaning of FRCP 9(h) and 28 U.S.C. section 1333.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☒ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

CV10-7346

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                              CIVIL COVER SHEET                              Page 1 of

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Singapore

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  Florida

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_    Date  September 29, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |